JACOB MARSHALL V. THE STATE.

1. Since the adoption of the new Constitution, it is the duty of the district judge, on the trial of a murder case, to instruct the jury in his charge that they have the power to commute the death penalty to imprisonment at hard labor for life; and when this instruction was omitted, and the accused was convicted of murder in the first degree, the omission was error for which the case will be reversed and remanded.

APPEAL from Jack. Tried below before the Hon. Charles Soward.

The appellant was tried for the murder of John Marshall, who does not appear to have been a relative of the accused, though they were partners in a brewery at Jacksboro. The killing took place in the latter part of September, 1870. Some difficulty, it would appear, had previously existed between the deceased and the accused. By the testimony of the wife of the accused it was proved that he had for some time been in very bad health, and was lying sick on his bed about half an hour before the killing, when the deceased came in, and soon afterwards the witness heard him cursing and abusing the accused, telling him he was "a damned old scoundrel," and that he, deceased, would give him one-half hour to fix up. Witness went into the room and heard accused tell deceased that he did not want to quarrel with him; but the deceased continued to abuse the accused until witness ordered him to leave the house, when he replied that he did not care for her or any of the rest of the Jacksboro ladies; that they were all damned bitches. The accused then ordered the deceased to leave the room quick, and showed him the door, when the deceased turned and shook his fist under the chin of the accused, telling him he would kill him in one-half an hour. The deceased then went to the brewery, and in a few minutes afterwards the witness went close to it to get some water, when the deceased commenced

talking to her and said her husband was a d—d old son-of-a-bitch; and soon afterwards witness returned again to the barrel for water, and deceased told her she had " a d—d old son-of-a-bitch for a husband, and I will kill him right now in his own house, and you and I will both be rid of him."

In a few minutes after this, as appears from other testimony, the accused fired upon the deceased with a shot gun and inflicted wounds of which he died the ensuing day.

Motions for new trial and in arrest of judgment were overruled by the court below.

*A. J. Hood*, for the appellant.

No brief for the State.

WALKER, J.—The charge of the court does not contain an important provision of the law, as found in the eighth section of the fifth article of the Constitution of 1869.

The jury were not informed by the court that the punishment for murder in the first degree, as heretofore provided by laws enacted prior to the adoption of the new Constitution, might be commuted by the jury to imprisonment at hard labor for life. (See Paschal's Digest, Art. 3059; Johnson v. The State, 27 Texas R., 766.) This must be held as error.

If it were shown by the record that Mrs. Marshall, immediately before the killing of John Marshall, told her husband, Jacob Marshall, what the deceased had said to her, it would have been properly left to the jury to consider whether the insulting language used to the appellant's wife did not reduce the crime to manslaughter. (See Paschal's Digest, Arts. 2250 and 2254.) The evidence being somewhat uncertain on this point, we will give no further opinion.

But for the reason first given in this opinion, the judgment of

the district court must be reversed and the cause remanded to be proceeded in in accordance with this opinion.

Reversed and remanded.