GEORGE DORAN *v.* THE STATE.

1. MURDER IN THE FIRST DEGREE—CHARGE ON PENALTY.—Instead of death alone, as formerly, the Revised Penal Code provides that the punishment for murder in the first degree "shall be death or confinement in the penitentiary for life." The punishment as thus prescribed must, in

trials for murder, be given in charge to the jury, and should be so given that no preference of the court between the alternatives be indicated to the jury, whose duty it now is to determine for themselves and find by their verdict which of the alternative punishments shall be imposed when a conviction is had for murder in the first degree. Note the distinction taken between this provision of the Revised Penal Code and that on the same subject of the Constitution of 1869.

2. SAME — VERDICT. — In a trial for murder, had since the Revised Codes took effect, the verdict found the defendant "guilty of murder in the first degree," but assessed neither death nor confinement in the penitentiary for life as his punishment. Held, insufficient to support a judgment.

APPEAL from the District Court of Navarro.    Tried below before the Hon. D. M. PRENDERGAST.

The indictment charged the appellant with the murder of William Fitzsimmons, on June 1, 1879, by stabbing him with a knife. All matters of any present signification are clearly disclosed in the opinion. If credence be allowable to the unsigned document called a statement of facts, the fatal assault upon the deceased was utterly without provocation or premonition on his part, but ensued promptly upon a woman's expression of her preference for the deceased as her companion for the night, rather than the defendant.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J.    The provisions of our present Code regulating the penalties for murder in the first degree are not similar in phraseology or effect to the laws in that respect in force in this State pending the existence and operation of the Constitution of 1869. Under the latter, the penalty for murder in the first degree was fixed at death, but juries were authorized in their discretion to substitute imprisonment for life for the death-penalty, in any case they might deem a proper one for the exercise of this discretion. *Hunt* v. *The State*, ante, p. 212 ; *Marshall* v. *The State*, 33 Texas, 664.    It was proper to instruct the jury, in all pros-

ecutions for murder while the Constitution of 1869 was in force, that they might find the defendant guilty of murder in the first degree, and, if they did not desire to exercise their discretion as to the commutation, their verdict need only find the fact of guilt, the law fixing the penalty absolutely for that offence.

By the changes in the law which took effect July 24, 1879, juries were again invested with the discretion as to the infliction of imprisonment for life instead of death ; but this mode of punishment was made a distinct legal penalty, along with the other penalty of death ; imposing the duty upon a court of stating both penalties to the jury, without any discrimination, express or by implication, as to which penalty was preferable, and leaving the jury to determime that question for themselves.

The old law prescribed that the punishment of murder in the first degree should be death.    Penal Code, art. 612a. The new law says : " The punishment for murder in the first degree shall be death, or confinement in the penitentiary for life."    Rev. Penal Code, art. 609.    By the old law, if the jury should find any person guilty of murder, they were required to find whether it was of the first or second degree.    Pasc. Dig., art. 2268.    The same duty is likewise imposed upon the jury by the new law, with the additional duty, not incumbent on them before, that they should find the punishment, no matter what the degree may be, nor whether the verdict is based upon a plea of guilty or not guilty.    Penal Code, art. 607.

In this case the court instructed the jury as follows : " If you believe from the evidence in this case that the defendant cut with a knife and killed William Fitzsimmons, as charged in the indictment, and that this was done with express malice, and the evidence fails to show any circumstances of mitigation, excuse, or justification, you will then find him guilty of murder in the first degree, and will so say in your verdict, and you need not add more ; in which

case, the law affixes the penalty of death. Or you may in your discretion fix his punishment at confinement in the penitentiary for life." The verdict was as follows: "We, the jury, find the defendant guilty of murder in the first degree." The charge is erroneous for the reasons above indicated, and the verdict will not support a judgment, because it fails to find the punishment.

· A paper seeming to contain the evidence on trial appears in the record, but is not authenticated by the signatures of counsel and the approval of the judge. While we cannot consider it as a statement of the facts in evidence, we deem it not improper, in view of another trial, to say that if the evidence relating to the dying declarations of deceased is correctly set forth in the paper, such declarations should not have been admitted on the trial, there being no sufficient showing that they were made under a consciousness of approaching death, and with no hope of recovery, on the part of the person making them. Code Cr. Proc., art. 748.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*